NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3555-15T2

MIRFAT DAHER,

 Plaintiff-Respondent,

v.

ANDIAMO RESTAURANT and
HAZEM SHALBY,

 Defendants-Appellants.
_____________________________

 Submitted March 27, 2017 – Decided June 15, 2017

 Before Judges Haas and Currier.

 On appeal from the Superior Court of New
 Jersey, Law Division, Special Civil Part,
 Passaic County, Docket No. LT-1945-16.

 Steven C. Schechter, attorney for appellant.

 Respondent has not filed a brief.

PER CURIAM

 Defendants, Andiamo Restaurant and Hazem Shalby, appeal from

the April 4, 2016 judgment of possession and denial of the motion

to transfer the case to the Law Division. Because plaintiff Mirfat

Daher was not the owner of the property, and therefore, had no
cognizable right to assert an eviction action, we reverse and

remand for the entry of a dismissal of the eviction proceeding.

 This action arises from a dispute concerning the alleged non-

payment of rent for premises owned by Jolly Clifton, LLC. In

2012, Jolly Clifton leased the property to Yummy Restaurant, LLC.

Yummy Restaurant was owned by plaintiff and her husband Jehad.1

 In 2015, plaintiff and her husband entered into a business

transaction with Shalby and his partner, selling them the liquor

license and the restaurant located on the premises owned by Jolly

Clifton. Shalby intended to open Andiamo Restaurant. The parties

also entered into a fifteen-year sublease agreement under which

Andiamo Restaurant was required to pay monthly rent. Although

defendants believed the rent was going to the owner of the

premises, Jolly Clifton was unaware of the existence of this

sublease and never received any of the payments defendants made

to plaintiff.

 On March 2, 2016, Jolly Clifton commenced an eviction

proceeding for the non-payment of rent against plaintiff, Jehad,

Yummy Restaurant, and defendants in the Special Civil Part. Jolly

Clifton asserted that the subtenancy between plaintiff and

defendants was not valid. Jolly Clifton further stated that its

1
 To avoid confusion among the family members, we refer to them
by their first names, intending no disrespect.

 2 A-3555-15T2
lease with Yummy Restaurant prohibited any sublease of the premises

without first providing notice to Jolly Clifton. As a result of

this action, and learning for the first time that Yummy and

plaintiff were not paying rent to Jolly Clifton, defendants stopped

making rent payments to Yummy Restaurant.

 On March 7, 2016, defendants filed a complaint in the Law

Division against Jehad, Yummy Restaurant, and Jolly Clifton,

seeking a declaratory judgment as to their rights in the property,

the validity of the sublease and seeking reformation of the

sublease. On March 8, plaintiff filed the instant tenancy action

in the Special Civil Part, seeking to evict defendants for non-

payment of rent. In response, defendants filed a motion to

dismiss, or in the alternative, to transfer the action to the Law

Division and consolidate the matter with the pending Law Division

proceeding.

 On April 4, 2016, both eviction proceedings were heard at the

same time. A representative of Jolly Clifton testified that it

was the owner and landlord of the premises, and that there was a

lease in effect between Jolly Clifton and Yummy Restaurant. Yummy

had stopped making payments under the lease. Jolly Clifton was

not notified that plaintiff had entered into a sublease with

defendants.

 3 A-3555-15T2
 Plaintiff presented testimony as to her eviction complaint

against defendants. According to her, she had prepared the

sublease herself and her name was used as the sublessor, not Yummy

Restaurant, in the sublease of the premises to defendants. Counsel

for plaintiff stipulated that plaintiff did not own the property.

 After reviewing both the Jolly Clifton lease and plaintiff's

sublease and hearing some testimony, the Special Civil Part judge

denied the motion to transfer the matter to the Law Division and

entered a judgment of possession in favor of plaintiff, awarding

her the unpaid rent. The judge determined that the lease and

sublease established "much more than just a sublease. It's really

a business relationship." In reaching her decision, the judge

reasoned that "there's no need to transfer [this case] to the Law

Division . . . . This is just a simple nonpayment of rent case.

And that's what we do here in Landlord/Tenant Court."

 On appeal, defendants contend that the Special Civil Part

lacked statutory jurisdiction to enter a judgment for possession

against them and was required to dismiss the action, the judge

should have transferred the case to the Law Division, and

defendants were deprived procedural due process.

 We review this matter de novo, and therefore, owe no deference

to the trial judge's legal conclusions. Manalapan Realty, L.P.

v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

 4 A-3555-15T2
 N.J.S.A. 2A:18-512 mandates that only an "owner or his duly

authorized agent, assignee or grantee" can institute a tenancy

action to recover possession of the property. If the proponent

of a tenancy action cannot prove "his right to the possession of

the premises . . . the cause shall be dismissed."3 N.J.S.A. 2A:18-

52 (emphasis added).

2

 If real estate is leased by an agent of the
 owner thereof, in his own name or as agent,
 the owner, his assignee or grantee may
 terminate the tenancy as the agent might do.
 The owner or his duly authorized agent,
 assignee or grantee may institute and maintain
 proceedings to recover the possession or the
 rentals thereof in their own names or in the
 name of the former agent, in the same manner
 and with the same effect as though the real
 estate had been leased in their own names.

 [N.J.S.A. 2A:18-51].
3

 If upon trial of a landlord and tenancy
 proceeding the plaintiff shall not be able to
 prove, by lease or other evidence, his right
 to the possession of the premises claimed by
 him without proving title to lands, tenements
 and hereditaments, the cause shall be
 dismissed, provided however that an assignee
 or grantee of a landlord may, at the trial or
 hearing, offer in evidence a deed or other
 writing for the purpose of showing the
 assignment or grant by the landlord.

 [N.J.S.A. 2A:18-52].

 5 A-3555-15T2
 Here, plaintiff was not the owner of the subject premises nor

was she the "duly authorized agent, assignee or grantee" of owner

Jolly Clifton. N.J.S.A. 2A:18-51. Plaintiff's counsel stipulated

that plaintiff did not own the real estate. Yummy Restaurant was

the lessor of the property and it was undisputed that Yummy

Restaurant did not sublease the property to defendants. Moreover,

plaintiff had no authority under Yummy's lease with Jolly Clifton

to sublet the property. The judge erred in her decision to broaden

the meaning of the lease documents. Plaintiff had no legal right

under N.J.S.A. 2A:18-52 to evict defendants.

 Therefore, we reverse the Special Civil Part's judgment of

possession and remand for the entry of a dismissal of the eviction

proceeding. We do not retain jurisdiction.

 6 A-3555-15T2